IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOSE M. GONZALEZ JR.,<br>*Plaintiff*<br><br>-vs-<br><br>BEXAR COUNTY COURT HOUSE,<br>CYNTHIA MARIE CHAPA, OFFICIAL<br>AND PERSONAL CAPACITY; JUDY<br>STEWART, OFFICIAL AND<br>PERSONAL CAPACITY;  JUDICIARY<br>COURTS OF THE STATE OF TEXAS,<br>224TH DISTRICT COURT,<br>*Defendants* | SA-22-CV-00001-XR |

## ORDER

On this date, the Court considered United States Magistrate Judge Richard B. Farrer's Report and Recommendation regarding the above numbered and styled case, filed February 2, 2022 (ECF No. 3), and Plaintiff Jose M. Gonzalez Jr.'s objections, filed February 23, 2022 (ECF No. 7). After careful consideration, the Court issues the following order.

## BACKGROUND

Proceeding *in forma pauperis* ("IFP"), Plaintiff Jose M. Gonzalez Jr.'s ("Gonzalez") original complaint named defendants (1) Bexar County Courthouse; (2) Bexar County District Judge Cynthia Chapa, in her official and personal capacity; and (3) court reporter Judy Stewart ("Stewart"), in her official and personal capacity.[1] ECF No. 1-1. Gonzalez seeks relief under 42 U.S.C. § 1983 for Defendants' conduct in connection with his December 29, 2021, hearing for a temporary injunction. *See id.* at 3. Gonzalez contends that by requiring him to appear remotely

---

[1] Gonzalez filed an amended complaint on February 23, 2022, naming additional defendants, including the Judiciary of the State of Texas and the 224th District Court of Bexar County. ECF No. 6. However, this amended complaint was filed without leave of court, and therefore, has no legal effect. *See United States ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003). Thus, the Court will only analyze Gonzalez's claims in his original complaint.

1

for the hearing due to the COVID-19 pandemic, he "was denied the most basics of my Constitutional Rights to appeal in PERSON IN COURT." *Id.* Gonzalez further alleges that Judge Chapa "gave preferential treatment to a colleague" by forcing Gonzalez to "listen to lies and unsubstantiated claims," not allowing him to introduce evidence at the hearing, and ruling against him. *Id.* at 4. These acts, Gonzalez alleges, prevented him from saving his small business. *Id.* Gonzalez further complains that Bexar County and the Office of the Attorney General are (1) refusing to produce certain public information that will allegedly aid him in his case against the Title IV-D Collection Agencies; and (2) delaying the process as much as possible "despite the 10 business day rule." *Id.* at 5.

On February 2, 2022, Judge Farrer issued his report and recommendation granting Gonzalez's motion to proceed IFP, but recommended that his complaint be dismissed pursuant to 28 U.S.C. § 1915(e) for failure to state a claim and frivolousness. ECF No. 3 at 4–5. Judge Farrer's report and recommendation was sent to Gonzalez via certified mail on February 4, 2022, and Gonzalez filed his objections to Judge Farrer's report and recommendation on February 23, 2022.

## DISCUSSION

### I.  Legal Standard

Where the report and recommendation has been objected to, the Court reviews the Magistrate Judge's recommended disposition de novo pursuant to Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "[De novo] review means

that the Court will examine the entire record, and will make an independent assessment of the law." *Johnson v. Sw. Rsch. Inst.*, 210 F. Supp. 3d 863, 864 (W.D. Tex. 2016).

Section 1915(a) enables an indigent person to bring an IFP action in federal court without paying costs, but § 1915(e)(2) prevents abuse of the privilege by authorizing the Court to dismiss the case if the allegation of poverty is untrue or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(a), (e)(2). A district court is vested with especially broad discretion in determining whether a dismissal under § 1915(e)(2)(B)(i) for frivolousness is warranted, and dismissal is appropriate where the complaint has no realistic chance of ultimate success. *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988); *George v. King*, 837 F.3d 705, 707 (5th Cir. 1988). In determining whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii), the Court applies the same standards governing dismissals under Rule 12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

**II.     Analysis**

Although Gonzalez's objections to the Magistrate Judge's report and recommendation were filed after the 14-day objection period, the Court will nonetheless conduct a de novo review. *See* FED. R. CIV. P. 72(b)(2); *see also Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (noting that courts "apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel"). Still, the Court concludes that Gonzalez's complaint must be dismissed for failure to state a claim.

First, Gonzalez's claim against the Bexar County Courthouse must be dismissed because it is a building, and thus not an entity capable of being sued. *Dugas v. United States*, No. 2:19-CV-302, 2019 WL 5595043, at *3 (S.D. Tex. Oct. 30, 2019).

Gonzalez's claims against Judge Chapa and Stewart must also be dismissed. With respect to the official capacity claim against Judge Chapa, she is entitled to Eleventh Amendment immunity. *Davis v. Tarrant County*, 565 F.3d 214, 228 (5th Cir. 2009). Thus, claims for monetary damages against Judge Chapa in her official capacity are barred. *See id.*

The official capacity claim against Stewart is construed as a claim against Bexar County. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). A claimant seeking to impose liability on a municipality under § 1983 must identify a municipal policy, custom, or practice that caused his injury. *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997). Gonzalez fails to do so. Instead, he alleges that Stewart's individual actions denied him the opportunity to present evidence at the hearing. As such, Gonzalez's official capacity claim against Stewart must be dismissed.

As to the personal capacity claims against Judge Chapa and Stewart, Judge Chapa is entitled to absolute immunity from liability for damages for judicial acts performed while acting in her judicial capacity. *See Malina v. Gonzalez*, 994 F.2d 1121, 1124 (5th Cir. 1993). Gonzalez does not allege that any actions taken by Judge Chapa were nonjudicial in nature or that the acts occurred in the absence of jurisdiction. *See id.* And though Gonzalez accuses Judge Chapa of bias, "[e]ven on allegations of bad faith or malice, judicial immunity is not overcome." *Suber-Wilson v. Ezra*, No. 20-MC1455-FB (HJB), 2021 WL 3832821, at *1 (W.D. Tex. Jan. 26, 2021), *report and recommendation adopted*, 2021 WL 3832822 (W.D. Tex. June 8, 2021). Accordingly, Judge Chapa is immune from suit in her personal capacity.

Though Stewart is not entitled to judicial immunity, Gonzalez has not alleged any misconduct by Stewart. Gonzalez alleges that, on the date of his hearing, Stewart asked Gonzalez if he had any evidence to present to the court. ECF No. 1-1 at 3. When Gonzalez replied "yes," Stewart provided him a link to scan and upload the evidence. *Id.* However, Gonzalez did not have access to a scanner, and Stewart did not allow him to deliver the evidence in person. *Id.* Gonzalez alleges this violated his rights. *Id.* Gonzalez fails, though, to demonstrate that the evidence he was unable to present was "important and probative" to his claims. *See Tate v. Starks*, 444 F. App'x 720, 724 (5th Cir. 2011); *see also Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) ("[T]o make out a claim that his constitutional right of access to the courts has been violated, [plaintiff] must have demonstrated that his position as a litigant was prejudiced by his denial of access to the courts."). Further, conducting remote hearings does not violate the right to access the courts. The Supreme Court of Texas has authorized "all courts in Texas," in any case, with or without a participant's consent, "[to] allow or require anyone involved in any hearing . . . to participate remotely." Forty-Ninth Emergency Order Regarding the COVID-19 State of Disaster, Misc. Dkt. No. 22-9022 (Tex. 2022). Because Gonzalez has not alleged that Stewart engaged in wrongful conduct, his claim against her must be dismissed.

To the extent that Gonzalez asserts claims pursuant to 18 U.S.C. §§ 242 and 245, he has "no standing to institute a federal criminal prosecution and no power to enforce a criminal statute." *Gill v. State of Texas*, 153 F. App'x 261, 262 (5th Cir. 2005). Thus, these claims must be dismissed.

Additionally, Gonzalez's claims against Bexar County and the Texas Attorney General's Office for alleged violations of the Texas Open Records Act must be dismissed. Gonzalez cannot state a § 1983 claim for violation of the Open Records Act because "a violation of a state statute

alone is not cognizable under § 1983 because § 1983 is only a remedy for violations of federal statutory and constitutional rights." *Woodard v. Andrus*, 419 F.3d 348, 353 (5th Cir. 2005) (citations omitted). Further, to the extent that Gonzalez is attempting to claim relief under the Texas Open Records Act itself, "the Texas Open Records Act neither implicates provisions of the United States Constitution nor federal statutes[.]" *Franklin v. Schillaci*, No. 7:17-CV-166-O, 2020 WL 7040099, at *2 (N.D. Tex. Nov. 10, 2020). As the Court has dismissed each of Gonzalez's federal constitutional claims, the Court lacks jurisdiction over any claim brought pursuant to the Texas Open Records Act. *See id.*

Finally, Gonzalez objects that, by accepting the Magistrate's recommendation to dismiss his claims, the Court would be denying his right to access the courts. ECF No. 7 at 2. The right of access is "a facilitative right . . . designed to ensure that a citizen has the opportunity to exercise his or her legal rights to present a *cognizable* claim to the appropriate court and, if that claim is meritorious, to have the court make a determination to that effect and order the appropriate relief." *Foster v. City of Lake Jackson*, 28 F.3d 425, 430 (5th Cir. 1994) (quoting *Crowder v. Sinyard*, 884 F.2d 804, 814 (5th Cir. 1989)) (emphasis added). Here, Gonzalez was able to file his action, and was able to do so IFP to avoid paying a filing fee. *See* ECF No. 3. However, Gonzalez has failed to state a cognizable claim that this Court can adjudicate. Pursuant to 28 U.S.C. § 1915, this Court is authorized to dismiss Gonzalez's claim for failure to state a claim, and the Magistrate was correct in recommending this Court do so. Therefore, Gonzalez's right to access the courts has not been violated, and his claims must be dismissed.

## CONCLUSION

For the foregoing reasons, the Court **ACCEPTS** Magistrate Judge Farrer's Report and Recommendation (ECF No. 3). Plaintiff's complaint is **DISMISSED WITHOUT**

**PREJUDICE**. The Clerk is **DIRECTED** to enter final judgment and to **CLOSE** this case. The Clerk is further **DIRECTED** to mail a copy of this order and the final judgment to Jose M. Gonzalez Jr. at 11221 Pearsall Road, Atascosa, TX 78002.

    It is so **ORDERED**.

    **SIGNED** this 3rd day of June, 2022.

                                    XAVIER RODRIGUEZ
                                    UNITED STATES DISTRICT JUDGE